## Coyle v. Richardson-Merrell Inc. et al.

*Thomas R. Kline,* for plaintiff.
*Nina M. Gossack,* for defendant.

GOODHEART, *J.,* April 10, 1987.—On September 26, 1986, this court granted summary judgment in favor of David Rubin and Seymour Margolis, individually and trading as Bonnet Lane Pharmacy, holding that pharmacists are not strictly liable un-

der section 402A of the Restatement (Second) of Torts for damages resulting from prescription drugs. Plaintiffs appeal arguing that pharmacists should be treated as other retailers of defective products, whether the product is defective in its manufacture or by reason of insufficient warnings. For the reasons below, we disagree. The order granting summary judgment should be affirmed.

The background of this case is as follows. In June 1978 defendant Bonnet Lane filled a prescription for Marie Coyle. Her physician had prescribed Bendectin, a drug manufactured by defendant Richardson-Merrell, to relieve Marie Coyle's nausea and vomiting resulting from her pregnancy. Subsequently, on January 28, 1979, Ms. Coyle gave birth to William Coyle, who was born with severe malformations of both his arms and his right leg. On or about January 9, 1981, the Coyles filed suit against Richardson-Merrell and Bonnet Lane, claiming that William's birth defects were caused by his mother's ingestion of Bendectin during pregnancy. While several theories of liability were advanced against the drug manufacturer, the only theory asserted against Bonnet Lane was the strict products liability of a seller under section 402A. (see complaint, paragraphs 20, 70).

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides that summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. When deciding a motion for summary judgment, all facts must be viewed in the light most favorable to the non-moving party. *Prince v. Pavoni,* 225 Pa. Super. 286, 302 A.2d 452 (1973). Accepting as true, then, for the purposes of Bonnet Lane's motion, that the Bendectin was defective, that Bonnet

Lane filled Marie Coyle's prescription for Bendectin, and that the defect was a substantial factor in causing William's birth defects, the question remains as to whether plaintiffs have stated a claim against Bonnet Lane upon which relief can be granted. We find, as a matter of law, that they have not.

Section 402A of the Restatement (Second) of Torts imposes liability for injuries caused by defective products on, among others, the sellers of such products. However, this imposition of liability is not unlimited. Comment (k) to section 402A acknowledges the existence of certain "unavoidably unsafe products," such as many prescription drugs, the use of which involves a degree of risk which is justified because of potential benefits therefrom. The comment states:

"The seller of such products, . . . with the qualification that they are properly prepared and marketed, and proper warning is given, *where the situation calls for it*, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk." (emphasis added).

Since the defect alleged in the instant case is insufficient warning, the question presented is whether a pharmacist has a duty to convey warnings regarding dangers inherent in a prescription drug to a customer. If the answer is no, strict liability cannot be imposed.

Although the precise question framed above has not yet been answered definitively by an appellate court in Pennsylvania, looking at the current case law in this state regarding when and what warnings are necessary, it appears that in Pennsylvania a

pharmacist is under no duty to warn a customer about inherent risks of a drug which has been prescribed for him or her by a physician. Appellate courts in other states which have been confronted with the same question have arrived at similar conclusions for various reasons which are all persuasive. These shall be discussed in turn.

The leading case in Pennsylvania dealing with the duty to warn of dangers inherent in prescription drugs is *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971). Although not a 402A case, *Incollingo* set forth the standard in this state as to what warnings are required with prescription drugs. The court stated that when a drug is "available only upon prescription of a duly licensed physician, the warning required is not to the general public or to the patient, but to the prescribing doctor." *Incollingo* at 220. *Cf. Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984). The rationale for this is that when a drug is available only by prescription, it is for the physician to decide whether or not a drug is appropriate for a patient, taking into account the potential risks and benefits of the drug as well as the patient's medical history and condition. *Leibowitz v. Ortho Pharmaceutical Corp.,* 224 Pa. Super. 418, 307 A.2d 449, 457 (1973).

To require pharmacists to warn patients of risks inherent in prescription drugs would not only be to impose upon them a duty greater than that which is imposed upon drug manufacturers; it would require pharmacists to second-guess prescribing physicians who, supposedly, consider a drug's risks before choosing a course of treatment. As quoted above, comment (k) requires only that a warning be present "where the situation calls for it." Clearly, in the case of a prescription drug, the warning is called for *before* a drug is prescribed.

Other trial courts sitting in Pennsylvania have come to the same conclusion. In *Makripodis v. Merrell Dow et al.*, No. GD 85-14293 (Allegheny County filed Jan. 16, 1986), the court held that a pharmacy cannot be held liable on the basis of inadequacies in the drug manufacturer's warnings, nor on the basis of a failure to issue independent warnings. Relying on *Incollingo* and *Leibowitz*, the court reasoned that since prescription drugs are dispensed only when prescribed by a physician who has knowledge of both the propensities of the drug and the individual patient's medical background, the pharmacist is responsible only for passing on to the consumer the warnings or directions he receives from the prescribing physician. *Makripodis*, slip op. at 3. The failure of a pharmacist to pass on such warnings or directions would be a base for liability on a negligence theory, but not under 402A. Since, as in the case at hand, there was no claim of negligence in *Makripodis*, defendant pharmacy's preliminary objections were sustained, and the complaint as to the pharmacy was dismissed.

In *Ramirez v. Richardson-Merrell Inc.*, 628 F.Supp. 85 (E.D. Pa. 1986), a federal district court, sitting in diversity and applying Pennsylvania law, agreed. While acknowledging that the Pennsylvania courts have not yet definitively decided the issue of a pharmacist's liability under 402A, Judge Huyett, pointing to the duty to warn imposed on drug manufacturers in *Incollingo*, found that "it would be illogical and unreasonable . . . to impose a greater duty on the pharmacist or druggist who properly fills the prescription than is imposed on the manufacturer." *Ramirez*, at 87. Noting comment (k) to 402A, the court concluded that defendant pharmacy was entitled to judgment as a matter of law as to plaintiff's strict liability claim.

Courts in other states have been faced with the same question and have held that a pharmacist is not strictly liable for injuries caused by prescription drugs. A leading case is *Murphy v. E. R. Squibb & Sons Inc.*, 40 Cal. 3d 672, 710 P.2d 247 (1985). Justice Mosk, writing for the California Supreme Court, wrote:

"It seems clear to us that the pharmacist is engaged in a hybrid enterprise, combining the performance of services and the sale of prescription drugs. It is pure hyperbole to suggest, as does plaintiff, that the role of the pharmacist is similar to that of a clerk in an ordinary retail store . . . (T)he pharmacist who fills a prescription is in a different position from the ordinary retailer because he cannot offer a prescription for sale except by order of the doctor. In this respect, he is providing a service to the doctor and acting as an extension of the doctor. . . ." *Murphy,* at 251.

Although a sale takes place, a pharmacist is not a "seller" under 402A, not only because prescription drugs are dispensed only by order of a physician, but also because of the training and licensing involved in becoming a pharmacist. In other words, when selling prescription drugs a pharmacist is a "professional," not a mere retailer. As in California, Pennsylvania law classifies pharmacists as "professional" and sets forth guidelines for the licensing of pharmacists, including, inter alia, educational and testing requirements. 63 P.S. §390-3. Consequently, Justice Mosk's reasoning is sound in regard to Pennsylvania law as well.

The Florida Supreme Court has also considered strict liability as it pertains to pharmacists. In *McLeod v. W. S. Merrell Co.*, 174 So. 2d 736 (Fla. 1965), the court stated that the concept of strict liability without fault should not be applied to a pre-

scription druggist who properly fills a prescription. Declining to discuss the "service sale" distinction, the court simply said that the rights of the consumer as against the pharmacist are adequately preserved under other theories, such as negligence. To impose strict liability on retail druggists would be to make them absolute insurers of prescribed drugs; this the court would not do.

Very recently, the United States District Court for the District of Columbia sustained a pharmacy's motion to dismiss a claim based in strict liability. In *Raynor v. Richardson-Merrell Inc.* 643 F.Supp. 238 (1986), the court stated: "Pharmacies in the District of Columbia do not have any common law duty to warn when they merely dispense a prescription drug, and the limited liability available under section 402A, comment (k) could not attach." Id. at 247. The rationale given was that a patient relies upon her physician, not her pharmacy, to warn her of risks associated with prescription drugs. Referring to a Maryland case involving the same issue, the court concluded that to impose a duty to warn on pharmacists would, in effect, require a pharmacist to substitute its judgment for that of the prescribing physician, Id. at 246, citing *Johnson v. Richardson-Merrell*, No. B-83-3814, slip op. at 3-4 (D. Md. June 1, 1984).

In light of what other courts in this state have done, and the decisions of other states' courts, as well as the absence of contrary decisions, we find, as a matter of law, that plaintiffs have not stated a claim upon which relief can be granted.

Therefore, the order granting summary judgment in favor of David Rubin and Seymour Margolis, individually and trading as Bonnet Lane Pharmacy, on plaintiffs' strict liability claim should be affirmed.