This is an appeal from a summary judgment for defendants in a suit which plaintiff is attempting to bring under the Alabama Medical Liability Act. The case presents the question of whether the Act affects an action brought against a physician by a person who was not the physician's patient.
On September 12, 1979, Kimberly Thomasson was a respiratory therapist in the respiratory therapy department at University Hospital in Birmingham, Alabama. In the line and scope of her employment, she was called to provide treatment for a patient who had hepatitis and was in the care of Dr. Arnold G. Diethelm and Dr. Bill Marshall. She alleges that as a result of that contact, she contracted serum hepatitis-B.
Thomasson brought suit on March 31, 1981, against Drs. Diethelm and Marshall, alleging that they had a duty as physicians to warn her that the patient had hepatitis.
Defendants filed a motion to dismiss, based in part on the statute of limitations. The court received affidavits, held a hearing on the motion, and thereafter properly treated it as a motion for summary judgment. Rules 12 (b) and 56, A.R.Civ.P. The court entered a final judgment which included the following:
 "On March 31, 1981, plaintiff filed this action against the defendants who are physicians. There is no claim that the plaintiff was anywise acting as an agent, servant or employee of the defendants.
 "The legal question presented by this motion for summary judgment is whether or not Code of Alabama, Title 6-2-39 statute of limitations applies or whether Code of Alabama, Title 6-5-482 statute of limitations applies to this action.
 "The court finds that Title 6-5-482 would apply only where there is the relationship of patient and physician and is not, therefore, applicable to the present case.
 "The court further finds that Title 6-2-39, does apply in this action and therefore, *Page 399 
the claim of the party plaintiff is barred by the one year statute of limitations."
Code 1975, § 6-2-39, provides a one-year statute of limitations for personal injury actions not otherwise enumerated. Section6-5-482 provides the statute of limitations for actions arising under the Alabama Medical Liability Act, §§ 6-5-480 through -488.
We must look to the statute to determine legislative intent. Section 6-5-481 (9) defines "medical liability":
 "MEDICAL LIABILITY. A finding by a judge, jury or arbitration panel that a physician, dentist, medical institution or other health care provider did not meet the applicable standard of care, and that such failure was the proximate cause of the injury complained of, resulting in damage to the patient."
(Emphasis added.)
Section 6-5-484 (a) of the Act, entitled "Degree of care owed to patient," reads:
 "In performing professional services for a patient, a physician's, surgeon's or dentist's duty to the patient shall be to exercise such reasonable care. . . ." (Emphasis added.)
Section 6-5-485 (a) provides:
 "After a physician, dentist, medical institution or other health care provider has rendered services, or failed to render services, to a patient out of which a claim has arisen, the parties thereto may agree to settle such dispute by arbitration. . . ." (Emphasis added.)
When the entire statute is considered, particularly the section defining "medical liability," it seems clear that the legislature was addressing liability of medical professionals in the context of patient-doctor and patient-hospital relationships. This is true even though § 6-5-482 uses the phrase "all actions against physicians." This phrase, nevertheless, is consistent with our interpretation, because persons may bring different types of actions against health care providers, viz., tort or contract actions, and still be within the patient class of plaintiffs.
The appellant, in an excellent brief, has cited several cases which tend to support her position. Hedlund v. Superior Courtof Orange Cty., 34 Cal.3d 695, 194 Cal.Rptr. 805, 669 P.2d 41
(1983); Tarasoff v. Regents of University of California,17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334 (1976); MerchantsNational Bank v. Morriss, 269 F.2d 363 (1st Cir. 1959); NorthAmerican Co. for Life Health v. Berger, 648 F.2d 305 (5th Cir. 1981). These cases, however, do not interpret statutes worded as ours is. For example, the Hedlund case was concerned with the meaning of "professional negligence," a term much broader than "performing professional services for a patient."
Admittedly, the above cited cases stand for the proposition that doctors and other medical professionals may be professionally liable, under certain circumstances, to third parties who are not patients; however, that proposition of law does not change the wording of our statute nor provide binding precedent on the statute of limitations question.
For these reasons the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, EMBRY and ADAMS, JJ., concur.