ADKINS v MONG

Docket No. 90217. Submitted March 19, 1987, at Detroit. Decided March 2, 1988.

Lincoln Adkins, Jr., and Theresa Adkins brought an action in Wayne Circuit Court against Dr. Mongkol Mong, Motor City Prescription Centers and various other physicians and pharmacies, alleging negligence and malpractice by defendants in the prescribing and supplying of several narcotic drugs to Lincoln Adkins, Jr., resulting in his addiction. As to Motor City Prescription Centers, plaintiffs alleged that it breached statutory and common-law duties by (1) failing to maintain accurate customer profile cards, (2) failing to maintain accurate prescription records, (3) failing to identify over-prescribing physicians, (4) failing to independently determine that Mr. Adkins was a drug abuser, (5) failing to communicate with area pharmacies regarding his status as a drug abuser, and (6) filling his prescription for highly abused substances. The trial court, Sharon Tevis Finch, J., denied a motion by Motor City for summary disposition based on plaintiffs' failure to state a claim upon which relief could be granted. Motor City appealed by leave granted.

The Court of Appeals *held:*

A pharmacist owes his customer a duty to properly fill a lawful prescription. He is held to a very high standard of care in performing this duty and may be held liable in tort for any breach. However, a pharmacist owes no duty to warn his customer of the potential side effects of a substance dispensed in accordance with a valid prescription or to monitor and intervene with a customer's reliance on a drug prescribed by a licensed treating physician.

Reversed and remanded for entry of an order granting summary disposition to Motor City.

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 54 *et seq.*

Liability of manufacturer or seller for injury caused by drug or medicine sold. 79 ALR2d 301.

Liability of manufacturer or seller for injury or death allegedly caused by failure to warn regarding danger in use of vaccine or prescription drug. 94 ALR3d 748.

DRUGGISTS — NEGLIGENCE — DUTY TO WARN.

> A pharmacist owes his customer a duty to properly fill a lawful prescription and is held to a very high standard of care in performing this duty; however, a pharmacist owes no duty to warn his customer of the potential side effects of a substance dispensed in accordance with a valid prescription or to monitor or intervene with a customer's reliance on a drug prescribed by a licensed treating physician.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Donald J. Morbach & Associates* (by *Christopher E. Pencak*), for Motor City Prescription Centers.

Before: SHEPHERD, P.J., and J. H. GILLIS and S. J. LATREILLE,* JJ.

PER CURIAM. Defendant Motor City Prescription Centers appeals by leave granted from an order denying its motion for summary disposition brought pursuant to MCR 2.116(C)(8). We reverse.

Lincoln Adkins, Jr. (hereafter plaintiff), and Theresa Adkins filed this action on October 30, 1984, alleging negligence and malpractice on the part of various physicians and pharmacies in prescribing and supplying plaintiff with excessive amounts of controlled substances during the years 1978 through 1984. Plaintiff claims that, as a result of defendants' negligence and malpractice, he became addicted to several narcotic substances including Seconal, Valium, Tandearil, Nembutal and Gantanol.

As to defendant Motor City Prescription Centers, plaintiff alleges that defendant breached its statutory and common-law duties to plaintiff by (1) failing to maintain accurate customer profile cards, (2) failing to maintain accurate prescription

---

* Circuit judge, sitting on the Court of Appeals by assignment.

records, (3) failing to identify over-prescribing physicians, (4) failing to independently determine that plaintiff was a drug abuser, (5) failing to communicate with area pharmacies regarding plaintiff's status as a drug abuser, and (6) filling plaintiff's prescriptions for highly abused substances. In his more definite statement filed May 2, 1985, pursuant to a court order, plaintiff identified eighty prescriptions for controlled substances filled by defendant for plaintiff from April 21, 1978, until April 16, 1984. In their briefs on appeal, the parties referred to 116 prescriptions filled by defendant for plaintiff over a period of six years. In any event, there is no dispute that each of the prescriptions was written by a licensed physician.

Defendant filed a motion for summary disposition under MCR 2.116(C)(8). At the hearing on the motion conducted January 3, 1986, defense counsel argued that plaintiff had failed to state an enforceable legal claim since a pharmacy owes no legal duty to its customers to monitor or police prescriptions issued by licensed physicians. The trial court rejected defendant's argument and held that facts might develop which would support a finding that defendant owed plaintiff some or all of the duties alleged in the complaint.

This panel recently decided *Stebbins v Concord Wrigley Drugs, Inc,* 164 Mich App 204; 416 NW2d 381 (1987), in which we held that "a pharmacist has no duty to warn the patient of possible side effects of a prescribed medication where the prescription is proper on its face and neither the physician nor the manufacturer has required that any warning be given to the patient by the pharmacist." 164 Mich App 218. For the reasons stated in that opinion, we hold that defendant pharmacy in this case had no duty to warn plaintiff of the potential side effects of the substances it was dis-

pensing to plaintiff in accordance with the prescriptions submitted, all of which were valid on their face. As we explained in *Stebbins,* a pharmacist owes his customers a duty to properly fill lawful prescriptions. Indeed, a pharmacist is held to a very high standard of care in performing this duty and may be held liable in tort for any breach. *Stebbins, supra,* pp 215-216, citing *Troppi v Scarf,* 31 Mich App 240, 245; 187 NW2d 511 (1971). Generally, however, a pharmacist will not be held liable for correctly filling a prescription issued by a licensed physician. *Id.; Lemire v Garrard Drugs,* 95 Mich App 520, 526; 291 NW2d 103 (1980).

In this case, plaintiff alleges that defendant pharmacist owed plaintiff the additional duty of maintaining detailed and accurate customer records, and a corresponding duty to identify addicted customers and their over-prescribing physicians, either independently or through the combined efforts of other local pharmacists. Presumably, plaintiff would argue that the pharmacist who identifies the addicted customer as a patient of an over-prescribing physician would then be obligated to act on the information and (1) refuse to fill prescriptions, (2) warn the customer or (3) notify the physician. Other jurisdictions which have been presented with this same theory of liability have overwhelmingly rejected it in favor of the more limited duty described in *Stebbins.*

In *Pysz v Henry's Drug Store,* 457 So 2d 561 (Fla App, 1984), defendant pharmacist filled the plaintiff's prescriptions for Quaaludes for a period of nine years. The plaintiff alleged that the defendant knew or should have known that the use of this drug over an extended period of time resulted in addiction and that the defendant knew that the plaintiff had in fact become addicted. According to the plaintiff, the defendant thus had a duty to

warn the plaintiff of the dangerous side effects of the drug it was dispensing, to warn the physician that the plaintiff had become addicted and to refrain from further dispensing the drug to the plaintiff. The Florida Court of Appeals rejected the plaintiff's theory of liability and held that it is the physician who owes the duty to the patient to monitor prescription drug usage and that a pharmacist will not be found liable for lawfully filling a prescription issued by a licensed physician. 457 So 2d 562.

*Pysz* was followed in *Jones v Irvin,* 602 F Supp 399, 402 (SD Ill, 1985), where the federal district court also pointed to the duty of the patient to provide accurate information to the prescribing physician and the duty of the manufacturer to warn the physician of any adverse effects of its product. The court concluded that pharmacists should not be placed in the position of having to second guess every prescription in an attempt to avoid tort liability to its customers. Similarly, in *Eldridge v Eli Lilly & Co,* 138 Ill App 3d 124; 485 NE2d 551 (1985), the court explicitly rejected the theory that a pharmacist owes his customers a duty to act as a "safety supervisor" reviewing the propriety of prescriptions issued by the customer's treating physician:

> The plaintiff maintains many pharmacists may have greater knowledge of the propensities of drugs than physicians. He contends a pharmacist should, therefore, be under a duty to act as a safety supervisor and determine whether the physician has properly prescribed the drugs. The propriety of a prescription depends not only on the propensities of the drug but also on the patient's condition. A prescription which is excessive for one patient may be entirely reasonable for the treatment of another. To fulfil the duty which the

plaintiff urges us to impose would require the pharmacist to learn the customer's condition and monitor his drug usage. To accomplish this, the pharmacist would have to interject himself into the doctor-patient relationship and practice medicine without a license. [138 Ill App 3d 127].

We agree with the foregoing analyses, plaintiff's argument to the contrary notwithstanding.

In arguing that a pharmacist owes the customer a legal duty to monitor drug usage, plaintiff relies for authority upon the standards of practice adopted by the American Pharmaceutical Association in 1979 and upon an article published in a professional periodical. We are not persuaded by these nonlegal authorities, particularly in light of the cases cited above.

Plaintiff also relies upon *Hand v Krakowski,* 89 AD2d 650; 453 NYS2d 121 (1982), which we distinguished in *Stebbins, supra,* and *Speer v United States,* 512 F Supp 670 (ND Tex, 1981), aff'd 675 F2d 100 (1982), which is distinguishable since the duty owed by the Veterans Administration Pharmacy in that case arose because of the unique relationship between it and the v.a. psychiatric staff. 512 F2d 679-680. Moreover, the plaintiff's action in that case failed because of the lack of a causal relationship between the injury suffered and the acts of the Veteran Administration employees.

Plaintiff's reliance on *United States v Hayes,* 595 F2d 258 (CA 5, 1979), is similarly misplaced since that case involved the criminal conviction of a pharmacist who knew that certain prescriptions contained false names or had not been issued in the usual course of a professional practice. Plaintiff also cites *Vermont & 110th Medical Arts v Bd of Pharmacy,* 125 Cal App 3d 19; 177 Cal Rptr 807 (1981), in which a pharmacy and several pharma-

cists appealed the revocation or suspension of their licenses. This case is also inapposite since the issue presented there involved the interpretation and application of state licensing regulations.

Based on the foregoing analysis, we conclude that plaintiff has failed to state an actionable claim in negligence against defendant Motor City Prescription Centers since there exists no legal duty on the part of a pharmacist to monitor and intervene with a customer's reliance on drugs prescribed by a licensed treating physician. This case is remanded for entry of an order dismissing defendant Motor City Prescription Centers pursuant to MCR 2.116(C)(8).

Reversed and remanded.