SOUTHWESTERN OIL COMPANY v WOLVERINE GAS & OIL COMPANY

Docket Nos. 109099, 109960. Submitted January 10, 1989, at Grand Rapids. Decided June 8, 1989.

Southwestern Oil Company and several others originally owned the oil, gas and mineral rights to a certain tract of land in Newaygo County. The natural gas rights down to and including the Marshall geologic formation under the tract were conveyed in the 1950s to Michigan Consolidated Gas Company, which used its acquired rights to conduct an underground gas storage operation. Gas, oil and mineral rights to areas below the Marshall formation were conveyed to Wolverine Gas and Oil Company and others. More than twenty years elapsed before the Wolverine group used its rights to produce natural gas. The Southwestern group brought an action in Newaygo Circuit Court against the Wolverine group and the surface owners of the tract. Plaintiffs claimed an interest in the oil, gas and minerals below the Marshall formation, alleging that under the dormant minerals act, MCL 554.291 *et seq.*; MSA 26.1163(1) *et seq.*, defendants had abandoned their interests in favor of plaintiffs. The trial court, Terrence R. Thomas, J., granted summary disposition in favor of defendants, ruling that plaintiffs had failed to state a claim on which relief can be granted, and it entered a judgment in favor of defendants. Plaintiffs filed separate appeals from the grant of summary disposition and the judgment in favor of defendants.

The Court of Appeals consolidated the appeals and *held:*

1. The dormant minerals act provides that any person holding an interest in oil or gas in any land, other than the surface owner, shall be deemed to have abandoned such interest in favor of the surface owner unless within any twenty-year period he does one of the following: (1) secures a drilling permit; (2) actually produces or withdraws gas or oil, either individually or as part of a pool; (3) sells, leases, mortgages or

REFERENCES

Am Jur 2d, Gas and Oil § 208; Mines and Minerals § 119.

Validity and construction of statutes providing for reversion of mineral estates for abandonment or non-use. 16 ALR4th 1029.

transfers such interest by recorded instrument; (4) uses the subject property for underground storage; or (5) records a notice of interest with the local register of deeds.

2. The dormant minerals act protects from abandonment only those interests which have been the object of one or more of the enumerated acts of possession during any twenty-year period by the owner or owners of such interests. An act of possession as to an interest in a portion of the oil or gas in any land is not effective to protect an interest in the remainder from abandonment. Thus, in this case the acts of possession performed by Michigan Consolidated Gas Company as to its interest in the natural gas underlying the tract down to and including the Marshall formation did not protect plaintiffs' interest in the oil underlying the tract or the natural gas beneath the formation.

Affirmed.

1. GAS AND OIL — DORMANT MINERALS ACT — ABANDONMENT OF OIL AND GAS INTERESTS.

The dormant minerals act provides that any person holding an interest in oil or gas in any land, other than the surface owner, shall be deemed to have abandoned such interest in favor of the surface owner unless within any twenty-year period he does one of the following: (1) secures a drilling permit; (2) actually produces or withdraws gas or oil, either individually or as part of a pool; (3) sells, leases, mortgages or transfers such interest by recorded instrument; (4) uses the subject property for underground storage; or (5) records a notice of interest with the local register of deeds (MCL 554.291; MSA 26.1163[1]).

2. GAS AND OIL — DORMANT MINERALS ACT — ABANDONMENT OF OIL AND GAS INTERESTS.

The dormant minerals act protects from abandonment only those interests which have been the object of one or more of the statutorily enumerated acts of possession during any twenty-year period by the owner or owners of such interest; an act of possession as to an oil or gas interest down to and including a certain geologic formation underneath a certain tract does not protect any separate interest in oil or gas below the geologic formation (MCL 554.291; MSA 26.1163[1]).

*J. Andrew Domagalski,* for plaintiffs.

*Mika, Meyers, Beckett & Jones* (by *Mark A. Kehoe*), for defendants.

Before: WEAVER, P.J., and HOLBROOK, JR., and BRENNAN, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order for summary disposition and judgment in favor of defendants. We affirm.

Plaintiffs argue that, under the dormant minerals act, MCL 554.291 *et seq.*; MSA 26.1163(1) *et seq.*, the gas storage operations conducted by Michigan Consolidated Gas Company operated to prevent abandonment of their entire severed mineral interests under Tract 1 irrespective of the geological formation in which they are located.

The trial court granted summary disposition in favor of defendants on the basis of MCR 2.116(C)(8), ruling that plaintiffs failed to state a claim upon which relief can be granted.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations in the complaint are taken as true, together with any inferences or conclusions which may be fairly drawn from them. The motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Stebbins v Concord Wrigley Drugs, Inc,* 164 Mich App 204, 215; 416 NW2d 381 (1987).

In Michigan, the ownership of a mineral interest can be severed from the ownership of the surface estate. *Van Slooten v Larsen,* 410 Mich 21, 37; 299 NW2d 704 (1980), app dis 455 US 901 (1982). In order to reduce the likelihood that the presence of unknown or unlocatable owners or fractionalized ownership of severed interests would unnecessarily inhibit the development of oil and gas resources, the Legislature passed the dormant minerals act,

MCL 554.291 *et seq.*, MSA 26.1163(1) *et seq. Id.,* p 46.

Section 1 of the act provides in part:

> Any interest in oil or gas in any land owned by any person other than the owner of the surface, which has not been sold, leased, mortgaged or transferred by instrument recorded in the register of deeds office for the county where such interest is located for a period of 20 years shall, in the absence of the issuance of a drilling permit as to such interest or the actual production or with-drawal of oil or gas from said lands, or from lands covered by a lease to which such interest is sub-ject, or from lands pooled, unitized or included in unit operations therewith, or the use of such inter-est in underground gas storage operations, during such period of 20 years, be deemed abandoned, unless the owner thereof shall, within 3 years after the effective date of this act or within 20 years after the last sale, lease, mortgage or trans-fer of record of such interest or within 20 years after the last issuance of a drilling permit as to such interest or actual production or withdrawal of oil or gas, from said lands, or from lands cov-ered by a lease to which such interest is subject, or from lands pooled, unitized, or included in unit operations therewith, or the use of such interest in underground gas storage operations, whichever is later, record a claim of interest as hereinafter provided. Any interest in oil or gas deemed aban-doned as herein provided shall vest as of the date of such abandonment in the owner or owners of the surface in keeping with the character of the surface ownership. [MCL 554.291; MSA 26.1163(1).]

The primary purpose of the act is to facilitate development of subsurface properties by reducing the problems presented by fragmented and un-known ownership. *Van Slooten, supra,* p 44.

When interpreting any statute, this Court ad-heres to the following rules:

> (1) when a statute is unambiguous, further con-

struction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application. [*Nicholas v Michigan State Employees Retirement Bd*, 144 Mich App 70, 74; 372 NW2d 685 (1985).]

Applying these rules of statutory construction, we find that the act protects from abandonment only those interests which have been the object of one or more of the enumerated "acts of possession" during any twenty-year period by the owner or owners of such interests. Any interest not protected is deemed to be abandoned in favor of the surface owner. An act of possession as to an interest in a portion of the oil or gas in any land is not effective to protect an interest in the remainder from abandonment. Such a construction is consistent with the purpose of the act.

In the present case, the acts of possession performed by Michigan Consolidated Gas Company as to its interest in the natural gas underlying Tract 1 down to and including the Marshall Formation did not protect plaintiffs' interests in the oil underlying Tract 1 or the natural gas beneath the Marshall Formation. Because plaintiffs did not perform any act of possession during any twenty-year period with respect to their interests, plaintiffs abandoned them in favor of defendants. The trial court did not err by entering both an order for summary disposition and a judgment in favor of defendants.

Affirmed.