457 So.2d 561 (1984)
Steve PYSZ, Appellant,
v.
HENRY's DRUG STORE, a Florida Corporation, et al., Appellees.
No. 83-2227.
District Court of Appeal of Florida, Fourth District.
October 10, 1984.
Rehearing Denied November 5, 1984.
Terry N. Freeman and J. Mark Maynor of Beverly & Freeman, West Palm Beach, for appellant.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee, Henry's Drug Store.
DELL, Judge.
Steve Pysz appeals from an order of dismissal with prejudice of his second amended complaint.
Appellant filed suit against four defendants: a physician, two manufacturers, and appellee, a retail druggist. Appellant alleged that appellee's failure to warn him of the addictive propensities of Quaaludes constituted negligence. Appellant further alleged that filling his Quaalude prescriptions for more than nine years constituted negligence because appellee knew or should have known that use of this drug over an extended period of time would subject appellant to physical and psychological dependence and addiction. Finally appellant alleged that appellee knew he had become addicted to Quaaludes and negligently failed to inform appellant's physician. The trial court dismissed appellant's complaint and held that:
[A] supplier of drugs has no duty to fail or refuse to supply a customer with drugs for which the customer has a valid and lawful prescription from a licensed physician, nor any duty to warn said customer of the fact that one using the *562 prescribed drug for any period of time could or would become addicted to the use thereof and would become physically and psychologically dependent thereon, even though the supplier of such drugs was aware of the fact that the customer had developed a physical and psychological dependence and addiction to the prescribed drugs.
Appellant asks two questions in this appeal: Whether a licensed pharmacist has a duty not only to properly fill a prescription but also to warn the customer of the dangerous propensities of the prescription drug and whether a licensed pharmacist who has actual or constructive knowledge of a customer's dependency and addiction to a prescription drug has a duty to warn the customer's treating physician of this fact.
The facts alleged in appellant's complaint require us to answer each of these questions in the negative. Appellant not only alleged that the prescribing physician knew of the type and amount of drugs prescribed over nine years, but also knew of appellant's addiction. Under the circumstances, we do not view appellee's failure to warn appellant, or to notify the physician, as a failure to exercise due care.
Appellant acknowledges the holding of our Supreme Court in McLeod v. W.S. Merrell Co., Div. of Richardson-Merrell, Inc., 174 So.2d 736 (Fla. 1965):
[T]he rights of the consumer can be preserved, and the responsibilities of the retail prescription druggist can be imposed, under the concept that a druggist who sells a prescription warrants that (1) he will compound the drug prescribed; (2) he has used due and proper care in filling the prescription (failure of which might also give rise to an action in negligence); (3) the proper methods were used in the compounding process; (4) the drug has not been infected with some adulterating foreign substance.
Id. at 739.
Appellant seeks to distinguish McLeod on the basis that this is an action for negligence rather than warranty and cites numerous out of state cases in support of his position that the complaint stated a cause of action for negligence. We find the cases distinguishable from the facts alleged in appellant's complaint. In two of the cases, the druggist or his employee improperly filled the prescriptions by giving customers the wrong drugs. Burke v. Bean, 363 S.W.2d 366 (Tex.Civ.App. 1962); Tombari v. Conners, 85 Conn. 231, 82 A. 640 (1912). Each of these actions constituted a breach of the duties listed in McLeod and clearly gave rise to a cause of action. In four other cases cited by appellant, the druggist sold poisons or explosive chemicals without giving any warnings. Krueger v. Knutson, 261 Minn. 144, 111 N.W.2d 526 (1961); Gibson v. Torbert, 115 Iowa 163, 88 N.W. 443 (1901); Meyer v. King, 72 Miss. 1, 16 So. 245 (1894); Tidd v. Skinner, 225 N.Y. 422, 122 N.E. 247 (Ct.App. 1919). None of the foregoing cases concerned a druggist properly filling a lawful prescription.
Appellant suggests that the pharmaceutical business has changed drastically in the past twenty years and therefore this court should take a new look at the duty of a druggist to either warn the customer of the dangerous propensities of a drug prescribed by a licensed physician or in the alternative, to notify the physician of the dangerous propensities of the drug and/or the effect that it is having on his patient. Appellant argues that a pharmacist has greater knowledge of the propensity of drugs than that of the physician. Although this may be factually true in some instances, it is the physician who has the duty to know the drug that he is prescribing and to properly monitor the patient. Therefore, we must affirm the dismissal of appellant's complaint. However, we limit our affirmance to the facts of this case since we recognize that a factual situation could exist which would support an action for negligence against a druggist who has lawfully filled a prescription issued by a licensed physician.
AFFIRMED.
ANSTEAD, C.J., and GEIGER, DWIGHT L., Associate Judge, concur.