**Carl D. KAMPE, Appellant,**

v.

**HOWARD STARK PROFESSIONAL PHARMACY, INC., Respondent.**

**No. WD 45919.**

Missouri Court of Appeals, Western District.

Sept. 15, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1992.

Application to Transfer Denied Dec. 18, 1992.

Thomas W. Koelling, Kansas City, for appellant.

Allan V. Hallquist, Dora E. Reid, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

BERREY, Judge.

Appellant appeals the trial court's order dismissing his cause of action. He alleges the pharmacy was negligent in filling prescriptions for appellant because it did not exercise that degree of care an ordinary reasonable and prudent pharmacy exercises under the same or similar circumstances and failed to provide the appellant with pharmacological services within the applicable standard of care. Appellant alleges trial court error in granting defendant's motion to dismiss because the pharmacy failed to exercise ordinary and prudent pharmacology, which constituted actionable negligence, by its failure to warn, counsel, evaluate, or verify the appropriateness of prescriptions, including controlled substances.

Appellant alleges that between March 1987 and September 1989, the respondent accurately filled prescriptions for appellant but failed to monitor or evaluate appellant's use of the prescribed drugs. Appellant's claim is based on a theory that the pharmacist is duty bound to monitor a con-

sumer's use of prescription drugs and failure to do so is negligence. Appellant argues that the scope of a pharmacy's duty is a question of fact and, therefore, summary judgment or dismissal is improper. Such theory is contrary to the law in most jurisdictions and is a case of first impression in Missouri.

The trial court, in its order granting defendant's motion to dismiss, held that the plaintiff's petition attempts to state a cause of action that is not cognizable in Missouri. The trial court noted no duty exists for a pharmacist to advise, counsel or warn consumers who purchase prescription drugs. The plaintiff alleges this is in error and such allegations form the nexus of plaintiff's action.

When reviewing the trial court's order dismissing a petition because it fails to state a claim upon which relief can be granted, the pleadings are given their broadest intendment. All facts alleged are considered true and all allegations are construed in favor of plaintiff. *Stevenson v. St. Louis School Dist.*, 820 S.W.2d 609, 611 (Mo.App.1991). Conclusions contained in the petition are not admitted. *Holland v. Fenton*, 761 S.W.2d 213, 214 (Mo.App. 1988).

This court has reviewed every case cited in appellant's brief and only one, a Tennessee Court of Appeals case, supports his position. We include here a fair sampling of appellant's cited cases.

*Nichols v. Central Merchandise, Inc.*, 16 Kan.App.2d 65, 817 P.2d 1131 (1991), was an action by a consumer against a pharmacy alleging the pharmacy negligently dispensed a prescription medication to a pregnant woman that caused bone abnormalities in her subsequently born child. *Id.* 817 P.2d at 1132. The trial court granted summary judgment in favor of the pharmacy on the ground that the pharmacy had no duty to warn the consumer or the physician of "potential consequences from the use of the drug prescribed by the doctor." *Id.* at 1133. In affirming the summary judgment, the Kansas Court of Appeals held "the existence of a duty on the part of the pharmacy is a question of law" and, there-

fore, "the matter was ripe for summary adjudication." *Id.* at 1132.

*Bine v. Sterling Drug, Inc.*, 422 S.W.2d 623, 630 (Mo.1968); and *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143 (Mo.1967) both involve physicians who prescribed chloroquine phosphate, a drug known to cause irreversible eye damage. The drug manufacturer was the only defendant in *Bine*, but in *Krug*, the plaintiff named the pharmacy that filled the prescription as a party defendant in addition to the manufacturer. In both cases, the juries found the manufacturer negligent for failing to warn physicians of adverse side effects of the drug. In *Krug*, at the close of all the evidence, the court sustained the pharmacy's motion for judgment and directed a verdict against the plaintiff. The directed verdict was not appealed. *Id.* at 155–56.

In *McKee v. American Home Prods. Corp.*, 113 Wash.2d 701, 782 P.2d 1045 (1989), the consumer sued the pharmacists, prescribing physician, and drug manufacturer for physical and psychological injuries resulting from the consumer's addiction to Plegine. *Id.* 782 P.2d at 1047. In affirming the trial court's entry of summary judgment in favor of the pharmacists, the Supreme Court of Washington held that a pharmacist does have a duty to properly fill the lawful prescriptions of its customers but chose to join the majority of states with statutes similar to those of Washington that have addressed the issue, in holding that a pharmacist has no duty to warn. *Id.* at 1049.

In *Duensing v. Huscher*, 431 S.W.2d 169 (Mo.1968), the defendant pharmacy filled an infant's prescription for aspirin suppository with a barbiturate suppository. Following insertion of the suppository, the infant lost consciousness and was transported to Mercy Hospital where it was determined he was suffering barbiturate intoxication. He had received about ten times the normal dosage for a child his age. *Id.* at 172. The court upheld the lower court's verdict in favor of the plaintiff. *Id.* at 176. The facts in *Duensing*, however, are quite different from the facts herein. In *Duensing*, the pharmacist erred by filling the

prescription with the wrong drug. In the case at bar, appellant admits that the prescriptions were properly filled.

Appellant relies, too, on *Johnson v. Smolinsky*, 229 Mo.App. 652, 81 S.W.2d 434 (1935). *Johnson*, however, concerns the negligent preparation of a prescription. There the physician prescribed one gram of ergot, a poison, to be taken all at once. The pharmacist filled the prescription with one ounce, which the patient attempted to take all at once. *Id.* 81 S.W.2d at 434. The jury was given a verdict directing instruction for plaintiff for injuries from the druggist's negligence in filling the physician's prescription. The court held the instruction was not misleading and affirmed the verdict in favor of plaintiff.

Appellant also directs us to *Riff v. Morgan Pharmacy*, 353 Pa.Super. 21, 508 A.2d 1247 (1986). In *Riff*, the pharmacist was asked to fill a prescription for Cafergot suppositories. The prescription, as written by the doctor, did not instruct the pharmacist to note the maximum safe dosage on the label of the medication. The patient was instructed only to insert one suppository every four hours for relief of migraine headache. *Id.* 508 A.2d at 1250. The jury found both the doctor and the pharmacy liable for damages caused when the patient used more than the maximum safe dosage. *Id.* The pharmacy appealed and the appellate court upheld the verdict, holding that the pharmacy breached its duty by failing to either warn the patient or notify the prescribing physician of "the obvious inadequacies appearing on the face of the prescription which created a substantial risk of serious harm to the plaintiff." *Id.* at 1252.

■ Appellant supports his position by citing *Dooley v. Everett*, 805 S.W.2d 380 (Tenn.App.1990). The court in *Dooley* held that

whether a pharmacist has a duty to warn a customer and/or the customer's physician of the potential interaction between two different prescription drugs written by the same physician on two different days and which are filled as written by the same pharmacist on different days

is a genuine issue of material fact that precludes summary judgment. *Id.* at 381–82. We follow the majority of the courts that have addressed this issue in holding that the question of the existence of a duty is one of law to be decided by the court.

■ Appellant proceeds on the theory that the defendant owed a duty to monitor, advise and counsel the appellant regarding the medication that his licensed physician had prescribed. The appellant alleges the pharmacist should have: (1) reviewed his medical records; (2) determined if appellant had psychological or physical symptoms that signaled a potential problem; (3) determined if plaintiff actually needed the prescribed medicine, and (4) recommended changes in appellant's medication. We disagree.

The Florida Court of Appeals has held that they "do not view appellee's failure to warn appellant, or to notify the physician, as a failure to exercise due care." *Pysz v. Henry's Drug Store*, 457 So.2d 561 (Fla. App.1984). It is not the pharmacist's but the physician's duty to know the drug he is prescribing and to properly monitor the patient. *Id.* at 562. The U.S. District Court, Southern District of Illinois, noted that "[t]he overwhelming majority of recent state cases stand for the proposition that the pharmacist has no duty to warn." *Jones v. Irvin*, 602 F.Supp. 399, 401 (S.D.Ill.1985); *see also Adkins v. Mong*, 168 Mich.App. 726, 425 N.W.2d 151 (1988).

■ Appellant argues that § 338.010.1, RSMo (Supp.1991), creates the duty he alleges the pharmacist owes the consumer. Section 338.010.1, RSMo (Supp.1991) defines the practice of pharmacy and states in pertinent part:

The **"practice of pharmacy"** shall mean the interpretation and evaluation of prescription orders; the compounding, dispensing and labeling of drugs and devices pursuant to prescription orders; the participation in drug selection according to state law and participation in drug utilization reviews; the proper and safe storage of drugs and devices and the maintenance of proper records thereof;

consultation with patients and other health care practitioners about the safe and effective use of drugs and devices; and the offering or performing of those acts, services, operations, or transactions necessary in the conduct, operation, management and control of a pharmacy.

Appellant's argument fails for two reasons. First, the above-quoted statute was rewritten in 1990. Prior to the 1990 revision, the statute did not define the practice of pharmacy but merely proscribed the practice of pharmacology without a license to do so. § 338.010, RSMo 1986. At the latest, appellant's alleged cause of action accrued on September 29, 1989. Therefore, to hold the pharmacy to a duty that appellant argues was created by the 1990 amendment would be to apply that statute retrospectively. Article I, § 13 of the Missouri Constitution generally prohibits retrospective application of laws enacted by the legislature. *Elliot v. Kesler*, 799 S.W.2d 97, 102 (Mo.App.1990). There are two recognized exceptions to the general rule: (1) clear manifestation of legislative intent to apply a statute retrospectively, and (2) a statute that is procedural only, not affecting any substantive rights of the parties. *Goldberg v. Goldberg*, 691 S.W.2d 312, 314 (Mo.App.1985). Appellant's argument that § 338.010 creates a new cause of action would require retrospective application of the statute and does not fall within either of the recognized exceptions to the prohibition of such action. Therefore, appellant's argument fails.

■ Secondly, § 338.010 is definitional and does not purport to set forth duties. This is further evidenced by the language contained in § 338.015.2, which states:

All pharmacists may provide pharmaceutical consultation and advice to persons concerning the safe and therapeutic use of their prescription drugs.

This statute uses the permissive "may" as opposed to the mandatory "shall." Use of "may" in a statute implies alternate possibilities and that the ones to whom the power is granted, in this case pharmacists, have discretion in exercising that power. *State v. Patterson*, 729 S.W.2d 226, 228

(Mo.App.1987). In Missouri, individual statutes comprising a chapter must be construed consistently with each other. *Electrical & Magneto Serv. Co. v. AMBAC Int'l Corp.*, 941 F.2d 660 (8th Cir.1991). Statutes that relate to one subject are intended to be consistent and harmonious in their several provisions. *State ex rel. 401 North Lindbergh Assoc. v. Ciarlegio*, 807 S.W.2d 100, 104 (Mo.App.1990). It is apparent that, by using "may," the legislature did not intend to mandate pharmacists to provide consultation and advice to their customers.

Appellant argues that 21 C.F.R. § 1306.04 imposes a duty on pharmacists to verify the appropriateness of a prescription before dispensing it. Our reading of this regulation leaves us with the firm impression that the corresponding responsibility of the pharmacist applies to dispensing controlled substances, not to prescribing or providing advice concerning them. If, however, there are irregularities on the face of the prescription (i.e., no date, no physician signature, an obviously toxic dose, etc.) the pharmacist has a responsibility to inquire. The regulation places no affirmative duty on the pharmacist to counsel with the consumer regarding lawfully prescribed drugs. In fact, no mention is made of this theory of "duty to advise."

Finally, appellant cites § 195.060.1, RSMo (Supp.1991), as imposing this duty upon the pharmacist. He has misread this statute; it is not germane to the issue of "duty." Appellant also argues that the American Pharmaceutical Association "Standards of Practice" create a legal duty for Missouri pharmacists to monitor drug usage. We reject the argument that such non-legal authorities impose legal duties. *See Adkins v. Mong*, 168 Mich.App. 726, 425 N.W.2d 151, 153 (1988) (same argument advanced and rejected by the court).

Other jurisdictions that have ruled on appellant's theory of liability have overwhelmingly rejected it in favor of the more limited duty to properly fill lawful prescriptions. Appellant does not allege that the defendant improperly labeled, filled or dispensed the prescription drugs prescribed

by appellant's licensed physician. By properly filling legal prescriptions that contained no apparent discrepancies on their face, the pharmacy fulfilled its duty to appellant.

Judgment of the trial court is affirmed.

All concur.