880 P.2d 1129

George **LASLEY** and Velma Lasley, husband and wife, and individually, Plaintiffs–Appellants,

Rebecca Lasley Dunning; Mark Lasley and Meredith Lasley, Plaintiffs/Intervenors–Appellants,

v.

SHRAKE'S COUNTRY CLUB PHARMACY, INC., an Arizona Corporation; Mary I. Shrake; John Doe Shrake and Jane Doe Shrake, husband and wife, Defendants–Appellees.

No. 1 CA-CV 92-0216.

Court of Appeals of Arizona, Division 1, Department E.

April 5, 1994.

Review Denied Oct. 4, 1994.*

---

* Moeller, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Broening Oberg & Woods, P.C. by James R. Broening, Cynthia V. Cheney, Daniel A. Zanon, Phoenix, for plaintiffs-appellants.

Roush, McCracken & Guerrero by Charles D. Roush, Robert D. McCracken, Phoenix, for plaintiffs/intervenors-appellants.

Gallagher & Kennedy, P.A. by Stephen H. Scott, Barry D. Mitchell, Phoenix, for defendants-appellees.

## OPINION

McGREGOR, Acting Presiding Judge.

The various plaintiffs and intervenors (appellants) appeal from the trial court's grant of a motion to dismiss in favor of Shrake's Country Club Pharmacy, Inc. (Shrake's). The trial court held that a pharmacy has no duty to warn either the customer or his physician that prolonged use of a prescription drug dispensed by the pharmacy or use of the drug in combination with another prescribed drug may lead to addiction or adverse side-effects. We hold that the pharmacy owed the customer a duty of reasonable care and that the trial court therefore erred in holding as a matter of law that Shrake's had no duty to warn.

### I.

In an appeal from the grant of a motion to dismiss for failure to state a claim upon which relief can be granted, we assume the truth of all the complaint's material allegations and accord the appellants the benefit of all inferences reasonably supported by the complaint. *See Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App.1981). In this case, however, both sides presented matters outside the pleadings to the court when it considered the motion to dismiss, including an expert's affidavit, documentation regarding standards of practice for the pharmacy profession, infor-

mation about the drugs prescribed to Lasley, and answers to interrogatories. We therefore treat the motion as a motion for summary judgment. *See* Ariz.R.Civ.P. 12(b); *Howland v. State*, 169 Ariz. 293, 297, 818 P.2d 1169, 1173 (App.1991). Summary judgment is appropriate when no genuine dispute as to any material fact exists, only one reasonable inference can be drawn from the facts, and based upon the facts the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

## II.

From 1960 to 1990, William K. Helms, M.D. (Helms) treated appellant George Lasley (Lasley). Helms prescribed Doriden and codeine, which Lasley alleges are potent and addicting drugs. Lasley filled most of the prescriptions from Helms at Shrake's. For approximately ten years, Shrake's mailed one or more of the allegedly addictive drugs to Lasley at his residence in another state.

Allegedly as a result of taking Doriden and codeine for an extended period of time and in combination, Lasley required in-patient hospitalization for Doriden detoxification and psychiatric treatment for addiction. He suffered from a major clinical depression and related disorders.

In March 1991, appellants filed their complaint against Helms and Shrake's.[1] Appellants alleged that Shrake's had breached a duty to Lasley "to exercise that degree of care, skill and learning expected of reasonable prudent pharmacies and pharmacists in the profession." Shrake's filed a motion to dismiss for failure to state a claim upon which relief could be granted. It argued that, as a matter of law, a pharmacist has neither a duty to warn of a prescribed drug's dangerous propensities nor a duty to control or keep track of a customer's reliance on drugs prescribed by a licensed treating physician.

In response, appellants argued that Shrake's owed a duty of reasonable care to Lasley and that whether it had breached the standard of care applicable to that duty was a question for the trier of fact. They presented to the trial court an affidavit from an expert and portions of the American Pharmaceutical Association Standards of Practice for the Profession of Pharmacy. Those documents indicated that the standard of care for a pharmacist includes obligations to advise a customer of the highly addictive nature of a prescribed drug and of the hazards of ingesting two or more drugs that adversely interact with one another. Appellants' evidence further stated that a pharmacist should advise the prescribing doctor if it appears that the patient is taking an addictive drug in quantities inconsistent with the manufacturer's recommended dosage guidelines.

The trial court granted the motion to dismiss. It found that Shrake's owed no duty to appellants to warn of addiction or to refuse prescriptions written by Helms. Following denial of appellants' motion for reconsideration, the trial court entered judgment dismissing the complaint against Shrake's with prejudice. Appellants timely appealed from the judgment.

## III.

### A.

Because this is a negligence action, we first determine whether Shrake's had "a duty to conform to a particular standard of conduct to protect [Lasley] against unreasonable risks of harm." *Alhambra School Dist. v. Maricopa County Superior Court*, 165 Ariz. 38, 41, 796 P.2d 470, 473 (1990). In other words, we must consider, as did the trial court, whether the relationship between Shrake's and Lasley required Shrake's to use care to avoid or prevent injury to Lasley. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985); *Bellezzo v. State*, 174 Ariz. 548, 550, 851 P.2d 847, 849 (App.1992). The trial court generally decides the question of duty as a matter of law. *Alhambra*, 165 Ariz. at 41, 796 P.2d at 473.

Shrake's contends that the trial court correctly ruled that Shrake's had no duty to warn Lasley or his physician of the potentially addictive nature of drugs legiti-

1. Helms is not party to this appeal.

mately prescribed for Lasley. We believe, however, that the trial court's ruling confuses the concept of duty with that of standard of care.

In *Markowitz*, the Arizona Supreme Court cautioned against confusing the existence of a duty with details of the standard of conduct. 146 Ariz. at 355, 706 P.2d at 367; *see also Coburn v. City of Tucson*, 143 Ariz. 50, 51–52, 691 P.2d 1078, 1079–80 (1984). Specific details of conduct do not determine whether a duty exists but instead bear on whether a defendant who owed a duty to the plaintiff breached the applicable standard of care. *Markowitz*, 146 Ariz. at 355, 706 P.2d at 367. In explaining the concept, the *Coburn* court quoted from Prosser and Keeton:

> It is better to reserve "duty" for the problem of the relation between individuals which imposes upon one a legal obligation for the benefit of the other, and to deal with particular conduct in terms of a legal standard of what is required to meet the obligation. In other words, "duty" is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty [if it exists] is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk. What the defendant must do, or must not do, is a question of the standard of conduct required to satisfy the duty.

143 Ariz. at 52, 691 P.2d at 1080 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 53, at 356 (5th ed. 1984)).

In its answer, Shrake's admitted that it owed a duty to Lasley to comply with the applicable standard of care. We agree. Thus, the answer to the threshold question in this appeal is that Shrake's did owe a duty of reasonable care to Lasley. The trial court therefore erred in finding, as a matter of law, that Shrake's owed no duty to Lasley.

**B.**

■ Once the court determines that a duty exists, the next question is whether the defendant breached the standard of care established pursuant to the duty. *Markowitz*, 146 Ariz. at 356, 706 P.2d at 368. In most cases, whether the defendant's conduct met the standard of care is a question for the trier of fact. *Bellezzo*, 174 Ariz. at 551, 851 P.2d at 850. In some instances, however, the court may decide as a matter of law that the defendant did not breach the applicable standard of conduct and thus was not negligent. *Id.* (citing *Markowitz*, 146 Ariz. at 357, 706 P.2d at 369); *see also Coburn*, 143 Ariz. at 53, 691 P.2d at 1081 (city's failure to remove bush adjacent to intersection did not fall below its standard of care); *Rogers v. Retrum*, 170 Ariz. 399, 404, 825 P.2d 20, 25 (App.1991) (failure of high school and teacher to restrict students to campus did not create unreasonable risk of vehicular harm to students). Thus, even though the trial court incorrectly granted summary judgment based on duty, if we can say as a matter of law that Shrake's did not breach its standard of care, we may affirm the trial court's judgment in favor of Shrake's. *See Gary Outdoor Advertising Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982).

■ In an ordinary negligence action, the standard of care imposed is that of the conduct of a reasonably prudent person under the circumstances. *Bell v. Maricopa Medical Ctr.*, 157 Ariz. 192, 194, 755 P.2d 1180, 1182 (App.1988). Health care providers and other professionals, however, are held to a higher standard of care than that of the ordinary prudent person when the alleged negligence involves the defendant's area of expertise. *Id.* In these cases, the standard is based on "the usual conduct of other members of the defendant's profession in similar circumstances ... [and] the plaintiff must present evidence of the accepted professional conduct" so that the jury can measure the defendant's conduct against the applicable standard. *Id.* The plaintiff then must show that the defendant's conduct did not adhere to the standard. *Id.; see also* Ariz.Rev.Stat.Ann. § 12–563 (1992) (to establish liability, plaintiff must prove that "health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances"). We impose this higher

standard of care upon pharmacists because they are professionals in the health care area.

■ Arizona courts have not yet considered whether the scope of a pharmacist's duty of reasonable care includes an obligation to warn customers of possible adverse effects of prescribed medications. Other jurisdictions, however, have resolved this question, and we look to their decisions for guidance. *See Bellezzo,* 174 Ariz. at 551–52, 851 P.2d at 850–51. Two distinct approaches have emerged for considering whether pharmacists have a duty to warn their customers.

As Shrake's asserts, the majority of jurisdictions that have considered the scope of a pharmacist's duty to warn customers have concluded, in various factual settings, that no such duty exists. Some courts, considering whether a pharmacist has a duty to warn the customer of possible adverse side effects of prescribed medications, have held no such duty exists.[2] In these cases, the courts generally reason that imposing a duty to warn on the pharmacist would place the pharmacist between the physician, who knows the patient's physical condition, and the patient and that recognizing such a duty could lead to harmful interference in the patient-physician relationship.[3]

Other courts, considering the duty to warn in a factual situation similar to that before us, have concluded that pharmacists have no legal duty to warn the patient or physician when the physician prescribes excessive doses of a drug.[4] Those courts conclude that the physician, not the pharmacist, has the duty to prescribe drugs properly and to warn the patient of any dangers from taking the medication. Imposing a duty to warn on pharmacists would compel them to second guess every prescription physicians write if the pharmacists wished to escape liability.[5]

**2.** *See Ramirez v. Richardson–Merrell, Inc.,* 628 F.Supp. 85 (E.D.Pa.1986) (alleging that pharmacy negligently failed to warn pregnant plaintiff that Bendectin could cause birth defects); *Leesley v. West,* 165 Ill.App.3d 135, 116 Ill.Dec. 136, 518 N.E.2d 758, *appeal denied,* 119 Ill.2d 558, 119 Ill.Dec. 387, 522 N.E.2d 1246 (1988) (alleging that pharmacy negligently failed to warn of known but infrequent adverse side effects of Feldene); *Ingram v. Hook's Drugs, Inc.,* 476 N.E.2d 881 (Ind.App.1985) (alleging that pharmacy's failure to warn of possible side effects of Valium proximately caused injuries customer suffered in fall from ladder); *Nichols v. Central Merchandise, Inc.,* 16 Kan.App.2d 65, 817 P.2d 1131 (1991) (alleging that pharmacy negligently dispensed to pregnant plaintiff prescription that caused bone abnormalities in subsequently born child); *Stebbins v. Concord Wrigley Drugs, Inc.,* 164 Mich.App. 204, 416 N.W.2d 381 (1987) (alleging that pharmacy negligently failed to warn customer of side effects of Tofranil and that he should not drive after taking the drug).

**3.** *See Ramirez,* 628 F.Supp. at 88; *Nichols,* 817 P.2d at 1133.

**4.** *See Jones v. Irvin,* 602 F.Supp. 399 (S.D.Ill. 1985) (considering whether pharmacist is negligent for failing to warn customer or notify physician that drug is being prescribed in dangerous amounts, that customer is being over-medicated, or that various prescribed drugs in combination with others could cause adverse reactions); *Pysz v. Henry's Drug Store,* 457 So.2d 561 (Fla.Dist.Ct. App.1984) (alleging that pharmacy negligently failed to warn customer of addictive propensities of Quaaludes while filling Quaalude prescription for more than nine years and negligently failed to inform physician of customer's known addiction); *Fakhouri v. Taylor,* 248 Ill.App.3d 328, 187 Ill.Dec. 927, 618 N.E.2d 518, *appeal denied,* 152 Ill.2d 557, 190 Ill.Dec. 887, 622 N.E.2d 1204 (1993) (alleging that pharmacy negligently filled prescriptions for quantities of Imipramine beyond those normally prescribed and negligently failed to warn physician or customer of excessive and unsafe quantities); *Eldridge v. Eli Lilly & Co.,* 138 Ill.App.3d 124, 92 Ill.Dec. 740, 485 N.E.2d 551 (1985) (alleging that pharmacy negligently filled prescriptions for quantities of Darvon and other drugs beyond those normally prescribed and negligently failed to warn physician that prescriptions were for an excessive quantity); *Adkins v. Mong,* 168 Mich.App. 726, 425 N.W.2d 151 (1988) (alleging that pharmacy negligently supplied plaintiff with excessive amounts of prescribed controlled substances for six years); *Kampe v. Howard Stark Professional Pharmacy, Inc.,* 841 S.W.2d 223 (Mo.App.1992) (alleging that pharmacy failed to monitor or evaluate plaintiff's use of prescribed drugs during the two and a half years it filled the prescriptions); *McKee v. American Home Prod. Corp.,* 113 Wash.2d 701, 782 P.2d 1045 (1989) (alleging that pharmacists who filled plaintiff's drug prescriptions for ten years had duty to warn her of adverse side effects of long-term administration of drug).

**5.** *See Jones,* 602 F.Supp. at 402; *Pysz,* 457 So.2d at 562; *Fakhouri,* 248 Ill.App.3d 328, 187 Ill. Dec. at 930, 618 N.E.2d at 521; *McKee,* 782 P.2d at 1050, 1051, 1053.

We reject the analysis relied upon in these decisions for the reasons stated in *Markowitz*. The decisions do precisely what the *Markowitz* court cautioned against; they use details of the standard of conduct to determine whether a duty exists.

Other jurisdictions, applying the same distinction between duty and standard of conduct as that explained in *Markowitz*, have concluded that whether a failure to warn violates the applicable standard of conduct in a particular situation generally presents a question of fact for the jury. In *Dooley v. Everett*, 805 S.W.2d 380 (Tenn.App.1990), the plaintiff alleged that the pharmacy had a duty to warn a customer or the customer's physician or both of the potential adverse interaction between two drugs prescribed by the same physician on different days and filled by the same pharmacist on different days. The pharmacy moved for summary judgment, arguing that as a matter of law the pharmacist owes no duty to his customer to warn of potential drug interactions. In opposition to the motion, the plaintiff filed an expert's affidavit that set forth various standards of care that the pharmacy allegedly had violated.

The *Dooley* court first noted the distinction between duty and standard of care and determined that the pharmacy owed its customer a duty to use due care under the attendant circumstances. 805 S.W.2d at 384. The court then considered whether the scope of the duty the pharmacist owed the customer included an obligation to warn. The court concluded that, because the plaintiffs had introduced expert testimony to dispute the pharmacy's argument that warning of potential drug interactions was not a part of its duty, the disputed issue of fact prevented the granting of summary judgment. *Id.* at 386.

Similarly, in *Hand v. Krakowski*, 89 A.D.2d 650, 453 N.Y.S.2d 121 (1982), the court reversed summary judgment in favor of a pharmacy, finding that a jury question existed when the pharmacist knew that the customer was an alcoholic and knew or should have known that the prescribed drugs were contraindicated with the use of alcohol.

Under those circumstances, the court believed that the pharmacist may have had a duty to warn the customer of the danger involved and to inquire of the prescribing doctor whether the drugs should be discontinued. 453 N.Y.S.2d at 123. In *Riff v. Morgan Pharmacy*, the court affirmed a jury verdict that found the pharmacy jointly liable for injuries sustained from a potentially toxic drug prescribed without a warning describing side effects that could result from exceeding the maximum safe dosage. 353 Pa.Super. 21, 508 A.2d 1247 (1986), *appeal denied*, 514 Pa. 648, 524 A.2d 494 (1987). The court held that "the pharmacy had a legal duty to exercise due care and diligence in the performance of its professional duties." 508 A.2d at 1251–52. The court concluded the plaintiff had presented sufficient credible evidence to establish that the pharmacy breached its duty by failing to warn the patient or notify the physician of inadequacies on the face of the prescription that "created a substantial risk of serious harm to the plaintiff." *Riff*, 508 A.2d at 1252.

In response to Shrake's motion to dismiss, appellants presented an affidavit from an expert stating that the standard of care applicable to a pharmacist includes a responsibility to advise a customer of the addictive nature of a drug, to warn of the hazards of ingesting two or more drugs that adversely interact with one another, and to discuss with the physician the addictive nature of a prescribed drug and the dangers of long-term prescription of the drug. Appellants also presented excerpts from the American Pharmaceutical Association Standards of Practice for the Profession of Pharmacy that described similar standards. On this record, we cannot say as a matter of law that Shrake's did not breach the standard of care for the duty it owed to Lasley.

## IV.

For the reasons explained above, we reverse the trial court's grant of summary judgment in favor of Shrake's and remand to the trial court for further proceedings.

JOHN FOREMAN **, Superior Court Judge, Maricopa County, and WILLIAM J. O'NEIL,** Superior Court Judge, Pinal County, concur.