M.G., Next Friend for K.C.B., a minor and M.G., Individually, Plaintiffs/Appellants,

v.

G.M.B., Defendant/Respondent.

No. 66428.

Missouri Court of Appeals, Eastern District, Division Four.

May 2, 1995.

---

Allan H. Zerman, Clayton, for appellants.

Lawrence G. Gillespie, Eisen, Gillespie & Hilton, Webster Groves, for respondent.

KAROHL, Judge.

M.G., mother, appeals after judgment in her suit filed under the Uniform Parentage Act (UPA), § 210.817 to § 210.852 RSMo Cum.Supp.1991. The court ordered G.M.B., father, to pay child support and one half of all of daughter's future unreimbursed medical expenses. Father does not appeal. Paternity is not at issue. Mother presents two points on appeal. She argues the court erred in denying her request for reimbursement of expenses paid by her before birth and rejecting a request for applying child support retroactive to the date of the petition. We affirm.

K.C.B. was born on June 15, 1989. At time of birth, mother was not married to but was living with father at his home. She testified she helped pay for household food and utilities, in addition to the $400 prenatal expenses. She never contributed to father's house payments. Mother and daughter continued to reside with father for three months following the birth.

In October 1989, mother and daughter moved to an apartment. Mother occasionally stayed overnight with father. He testified they were never separated more than a few days.

Mother testified that she paid rent, day care and general expenses. She estimated by her "best recollection" the general month-

ly expenses for daughter. She provided no documentary support other than her lease agreements for rent. On average, she estimated the expenses to be $600.00/month in 1989 for three months, $720.00/month in 1990 for twelve months and $760.00/month in 1991 for eleven months. She estimated expenses to be $835.00/month in 1992 for three months. Father contributed to mother for support and day care expenses during the period, 1989–1991. He paid approximately $4600. He contributed to mother and for day care service in 1992—$1,170; in 1993—$1,710; in 1994—$850. He had cancelled checks to support these figures.

In November 1991, mother and father were engaged. From December 1991 through February 1992, mother and daughter again lived with father. During this period she contributed to expenses for food and utilities, and he paid housing expenses.

In March 1992, mother again moved out of father's home. She stayed with her father and step-mother. Her step-mother testified mother borrowed money for a blood test to determine paternity. The loan was repaid. Step-mother also testified mother occasionally borrowed money for food and gas.

The parties stipulated father earned $38,000 in gross income for 1989 per year through time of trial. Mother's income fluctuated over the same period. In 1990, she earned $12,588; in 1991, $9,136; in 1992, $13,427; in 1993, $30,000. She also testified to providing babysitting services for a friend as much as three times a week during part of the relevant period when she lived in the West Point apartment.

The trial court found paternity. It awarded primary custody to mother. It ordered *Siegenthaler v. Siegenthaler*, 761 S.W.2d 262 (Mo.App.1988) custody for the father and child support payments. In addition, it ordered father to pay one half of all unreimbursed medical and dental expenses. The court expressly rejected and denied any retroactive payments of child support and/or any reimbursement of expenses. The court did not make any award for attorney fees.

Mother raises two points on appeal. In the first, mother argues the court's monetary judgment was inadequate because the court failed to award her (1) reimbursement for necessary expenses, including pre-natal and birthing care and (2) retroactive child support. Mother argues father has a statutorily-imposed obligation under the UPA to support his daughter given substantial evidence of his monetary power to do so. In relevant part the UPA states:

3. The judgment or order *may* contain any other provision directed against the appropriate party to the proceeding concerning the duty of support.... The judgment or order *may* direct the father to pay the reasonable expenses of the mother's pregnancy and confinement.

4. ... The court *may* limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just. (Our emphasis).

Section 210.841 RSMo Cum.Supp.1991.

We will not disturb the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Use of "may" in a statute implies alternate possibilities and grants the ones to whom power is conferred discretion in exercising that power. *Kampe v. Howard Stark Professional Pharmacy, Inc.*, 841 S.W.2d 223, 226 (Mo.App.W.D. 1992).

Under the UPA, a parent's retroactive liability for back support is limited to the reasonable value of necessaries supplied by the custodial parent. *Schulze v. Haile*, 840 S.W.2d 263, 266 (Mo.App.W.D.1992). However, once paternity is established, the trial court *may* divide the expense of past necessaries between both parents. *Id.* (Our emphasis). Additionally, the party asserting the affirmative of an issue assumes the burden of proof. *Id.*

The UPA creates court discretion in awarding past support and pre-natal/birthing expenses. The key term in the UPA allowing such discretion is the word "may". The court's discretion is generally reviewable only for abuse. Here no abuse has been

shown. We reject the claim of error for three reasons.

■ First, mother provided no actual, detailed or documentary evidence to support her estimates of daughter's generalized expenses, other than lease agreements. Additionally, the exhibits summarizing the expense amounts she testified about were received over objection. While her testimony as to expenses incurred is sufficient evidence to base an allowance of child support, the trial court may, at its option, accept or reject such evidence. *Blair v. Blair,* 571 S.W.2d 480, 482 (Mo.App.St.L.D.1978). Thus, the trial court was authorized to reject mother's testimonial proof of the expense amounts as insufficient or to find father actually met his legal obligation to support his daughter. The court could have concluded father's monetary support from 1989 to time of trial was a sufficient contribution toward his daughter's expenses. His monetary support was documented by checks submitted as exhibits 13 and 14.

Second, there was no evidence of any outstanding debt by mother at the time of trial. Before the child was born the parties were living together and shared expenses. Hence, there was no demonstrated burden upon mother at the time of trial for unpaid past expenses to be met by a retroactive award. For the same reason the decision to deny reimbursement was not an abuse of discretion.

Third, the earning capacity of both parties was comparable at the time of trial, especially since father was also obligated to support two other children.

Thus, the trial court's explicit failure to reject a request for reimbursement and retroactive child support was not an abuse of discretion. Point denied.

■ In her second point, mother contests the trial court's failure to award attorney fees. The UPA in relevant part states: "The court may order reasonable fees for counsel ... to be paid by the parties in such proportions and at such times as determined by the court...." Section 210.842 RSMo Cum. Supp.1991. The trial court is an expert on attorney's fees. *In Interest of J.D.B.,* 836 S.W.2d 520, 521 (Mo.App.W.D.1992).

■ Again the dispositive word is "may". The court's decision not to award fees was within its discretion. Given that the two parties' incomes were comparable at the time of trial, the court could reasonably conclude both were financially capable of assuming their own litigation expenses. Point denied.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.