**M.B., a minor, By and Through his Mother and Next Friend, P.B., and P.B., Individually, Appellants,**

v.

**J.N., Respondent.**

No. 69026.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 6, 1996.

David S. Dankmyer, Zoole, Dankmyer & Schuetz, St. Louis, for appellants.

Wesley C. Dalton, Warrenton, for respondent.

AHRENS, Judge.

In this paternity action, petitioners, P.B., (mother) and M.B.N. (child), appeal from the trial court's judgment awarding P.B. $650 per month in child support, $1500 in attorney's fees and $1000 for birthing expenses. We affirm in part and reverse and remand in part.

Mother-petitioner, P.B. gave birth to child-petitioner, M.B.N. in November, 1993. In February, 1994, petitioners filed a paternity suit against respondent, J.N., seeking a declaration of paternity and an award of child support, unreimbursed birthing expenses and attorney's fees. Respondent agreed to a blood test in April, 1994 to determine paternity. The results of this test demonstrated a high probability that respondent was the father of M.B.N. In August, 1994, one month after learning of the results of the blood test, respondent voluntarily began making child support payments.

Prior to trial, the parties reached an agreement on the visitation rights of respondent. After a bench trial, the trial court awarded P.B. $650 per month in child support, $1,000 in birthing expenses and $1,500 in attorney's fees. Petitioners appeal from this judgment.

■ The trial court has discretion in awarding past child support, attorney's fees, and birthing expenses. *M.G. v. G.M.B.*, 897 S.W.2d 218, 220–21 (Mo.App.1995); §§ 210.841.7, 210.842, 210.814.3 RSMo 1994. Accordingly, we review the trial court's decision for abuse of discretion. *M.G.*, 897 S.W.2d at 220. Since petitioners' first, third and fourth points all allege that the trial court abused this discretion, we will address those points prior to addressing their second point.

■ In their first point, petitioners argue the trial court erred in not awarding child support retroactive to the date of service of the original petition. In the instant case, respondent voluntarily began paying child support immediately after he learned the results of the blood test. Also, as stated below, the trial court did order respondent to compensate P.B. for past unreimbursed birthing expenses. Thus, the record does not indicate that the trial court abused its discretion in not awarding child support retroactively. Petitioners' first point is denied.

■ Petitioners' third point contends the trial court erred in only granting P.B. $1500 in attorney's fees. P.B. asserts that her actual attorney's fees are approximately $9,000 and that the trial court should have awarded her that amount. The trial court is an expert on what attorney's fees are reasonable. *Id.* This case did not involve complex legal or factual issues or a great deal of discovery. Also, the parties were able to agree to J.N.'s visitation rights before trial. Thus, we find that the trial court's award of $1,500, instead of the requested $9,000, attorney's fees to P.B. was not an abuse of its discretion. Petitioners' third point is denied.

■ Petitioners' fourth point asserts that the trial court erred in only awarding $1,000 to P.B. in unreimbursed birthing expenses. Petitioner P.B. asserts that the unreimbursed expenses related to M.B.N.'s birth and care amount to $2,080.41. P.B.'s unreimbursed birthing expenses were approximately $800. Also, respondent has paid for at least a portion of M.B.N.'s unreimbursed medical expenses and has been paying for M.B.N.'s medical insurance since February, 1995. Further, respondent has purchased items for M.B.N.'s care such as a car seat, crib and a bassinet. On these facts, the record does not indicate that the trial court abused its discretion in awarding P.B. $1,000 for past birthing and child care expenses. Petitioners' fourth point is denied.

In their second point, petitioners allege that the trial court did not correctly apply Rule 88.01 in calculating the amount of child support to award P.B. We agree.

Rule 88.01 states in relevant part:

There is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded in any judicial or

administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Form 14 is correct **if the court or administrative agency enters in the case a written finding or a specific finding on the record** that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. (Emphasis added).

 Since the Form 14 calculation is the presumptively correct child support amount, the trial court must determine the proper Form 14 calculation. *In re the Marriage of V.A.E. and D.A.E.*, 873 S.W.2d 262, 270 (Mo. App.1994). The trial court may adopt the Form 14 calculation of either party or make its own calculations. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379–80 (Mo.App.1996). Once the trial court has determined the amount of child support under Form 14, it may find, pursuant to Rule 88.01, that the calculation under Form 14 is unjust or inappropriate. *Id.* However, if the trial court chooses to deviate from the Form 14 calculation, Rule 88.01 requires it to state in the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. *Michel v. Michel,* 834 S.W.2d 773, 779 (Mo.App.1992).

In the instant case, petitioners offered into evidence a Form 14 calculation of $821 per month. Respondent countered by asserting two arguments. First, respondent alleged that petitioners' Form 14 calculation was incorrect since they overestimated his monthly income, and offered his own Form 14 calculation of $701 per month. Second, respondent claimed that the trial court should adjust the proper Form 14 calculation downward because of his extraordinarily high monthly expenses.

The trial court's judgment simply awarded P.B. $650 per month in child support. The trial court did not indicate whether it adopted petitioners' or respondent's Form 14 calculation or calculated its own Form 14 amount. Nor did the trial court enter on the record a finding that the amount so calculated, after consideration of all the relevant factors, was unjust or inappropriate. These omissions render the trial court's judgment in violation of Rule 88.01 as illustrated above. Thus, the portion of the trial court's judgment awarding P.B $650 per month in child support is reversed and remanded with instructions to calculate child support in compliance with Rule 88.01.

The judgment of the trial court is affirmed in part, and reversed in part and remanded with instructions.

CRANE, C.J., and TURNAGE, J., concur.