Lauriat, J.
Daniel Brienze (“Daniel”), brought this action to recover for personal injuries he sustained from the adverse interaction of two prescription medications, Ciproflaxin (“Cipro”) and Theophylline. The prescriptions were ordered by defendant Brian Casserly, M. D. (“Casserly”), and were filled by defendant Andrew Lee, RPh. (“Lee”). Lee was allegedly acting pursuant to his duties as a pharmacist employed by defendant CVS Pharmacy, Inc. (“CVS”). Philip Brienze, as Executor of the estate of Daniel’s late wife, Paula Brienze (“Paula”), also asserts a claim for loss of consortium arising from Daniel’s injuries. Paula and Daniel will hereinafter be collectively referred to as “Plaintiffs.”
The Plaintiffs’ claims against Lee and CVS are based upon their theoiy that Lee and CVS breached their duty to warn Daniel of the potentially adverse interaction of Cipro and Theophylline when they filled his prescription. Lee and CVS, hereinafter referred to collectively as “the Defendants,” now move for summary judgment pursuant to Mass.R.Civ.P. 56, contending that Massachusetts law imposes no such duly to warn upon pharmacists or pharmacies.
For the reasons set forth below, this court concludes that Massachusetts law does impose such a duty. Therefore, the Defendants’ motion for summary judgment is denied.
BACKGROUND
The undisputed material facts and the disputed material facts viewed in the light most favorable to Plaintiffs, as revealed by the summary judgment record, are as follows.
On or about October 28, 1999, Casserly performed a complete physical examination of Daniel. As part of that examination, Casserly noted all of the medications which Daniel was already taking, including prescription Theophylline. Nevertheless, after completing the examination, Casserly prescribed a ten-day course of the anti-biotic drug Cipro.
Later on October 28, 1999, Lee filled Daniel’s Cipro prescription while working at CVS. Just two days before, the same CVS had filled Daniel’s Theophylline prescription, and Lee knew that Daniel was taking Theophylline when he filled his Cipro prescription. Lee was also aware of the potentially adverse interaction between Cipro and Theophylline. Not only did the CVS computer system alert him, he was also familiar with that danger through his personal training and experience. Lee knew that when the two drugs are used in combination, a patient’s blood levels should be monitored due to the risk of Theophylline toxicity.
Paula picked up the prescription at CVS for her husband. Like most pharmacy customers, Paula declined an offer to speak to the pharmacist at that time. Although CVS provided an insert with the Cipro which warned users, in fine print, that a patient should inform his doctor that he is taking Theophylline before beginning to take Cipro, Lee did not give Paula any additional warning.
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’ r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Here, the Plaintiffs assert that Lee and CVS breached their duty to warn Daniel of the potentially adverse interaction between Cipro and Theophylline. Lee and CVS assert that they do not have any such duty to warn because the physician acts as a learned intermediary between the drug manufacturer or distributor and the consuming patient. See Cottam v. CVS Pharmacy, 436 Mass. 316, 322 (2002).
It is true that “(b)ecause the physician is the appropriate person to perform the duty of warning a patient of the possible side effects of prescription drugs,” a pharmacist has no general duty to warn. Cottam, 436 Mass, at 322. However, the Supreme Judicial Court did not declare that pharmacists have absolutely no duty. Rather it “h[e]ld simply that, where the pharmacist has no specific knowledge of an increased danger to a particular customer, the pharmacist has no duty to warn of potential side effects.” Cottam 436 Mass, at 322-23.
*293 This is not such a case. Lee was specifically aware that a particular customer, Daniel, was already taking Theophylline when he filled his prescription for Cipro, and that this posed an increased danger to him. Therefore, the duty imposed in this case is not within the scope of the learned intermediary doctrine carved out by Cottam. Indeed, when adopting the learned intermediary doctrine for pharmacists in Cottam, the Court expressly did not address cases, such as this one, where a pharmacist “failed to warn the customer when filling two prescriptions that adversely interact with one another.” Cottam 436 Mass, at 322-23 (citing Lasley v. Shrake's Country Club Pharmacy, Inc., 179 Ariz. 583 (Ct.App. 1994)).[1]
Accordingly, it is clear that the learned intermediary doctrine, as adopted in Massachusetts, does not eliminate a pharmacist’s duty to warn a particular customer of the potentially adverse interaction of two drugs which the pharmacist knows the customer is taking. Thus, the Defendants’ motion for summary judgment must be denied.
ORDER
For the foregoing reasons, the Motion of the Defendants, Stoneham CVS, Inc. improperly pled as “CVS Pharmacy, Inc.” and Andrew Lee, RPh., for Summary Judgment Pursuant to M.R.C.P. 56 is DENIED.

 Although Lasley refuses to adopt any learned intermediary doctrine for pharmacists or pharmacies, it is cited by the Supreme Judicial Court in Cottam as an illustration of the limits to the doctrine in Massachusetts. Cottam, 436 Mass, at 322-23.